

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2004

# Schunkewitz v. Prudential

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Schunkewitz v. Prudential" (2004). *2004 Decisions*. Paper 769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1181
_____

GLEN SCHUNKEWITZ, individually
and on behalf of all others similarly situated,

Appellant

v.

PRUDENTIAL SECURITIES INCORPORATED;
JOHN DOES, 1-100, inclusive

_____

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge: The Honorable Katharine S. Hayden
(D.C. No. 02-cv-00356)

_____

Argued January 27, 2004

Before: NYGAARD, FUENTES, Circuit Judges and O'NEILL,* District Judge

(Filed:  April 27, 2004)

_____

* Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

1

_____

OPINION OF THE COURT
_____


Bruce H. Nagel (argued)
Andrew R. Bronsnick
Nagel Rice & Mazie
301 South Livingston Avenue
Suite 201
Livingston, NJ 07039
        *Attorneys for Appellant*
        *Glen Schunkewitz*


Thomas J. Kavaler (argued)
Nicholas S. Goldin
Tammy L. Roy
Cahill Gordon & Reindel
80 Pine Street
New York, NY 10005


David J. Libowsky
Bressler, Amery & Ross
325 Columbia Turnpike
Florham Park, NJ 07932
        *Attorneys for Appellee*
        *Prudential Securities*
        *Incorporated*


FUENTES, Circuit Judge:

On January 25, 2002, Glen Schunkewitz ("Schunkewitz") filed a class action lawsuit in the United States District Court for the District of New Jersey against Prudential Securities Incorporated ("Prudential") on behalf of himself and others employed as financial advisors at Prudential. The lawsuit arose out of these employees'

participation in Prudential's deferred compensation plan, the MaterShare Plan ("MasterShare"). Schunkewitz's complaint included counts for breach of employment contract, breach of the MasterShare contract, conversion, and unjust enrichment. Schunkewitz also argued that MasterShare violated NY and NJ statutory wage laws. All of these claims arose out of MasterShare's forfeiture provision, which required participants to forfeit deferred compensation in the form of stock under certain circumstances.

Prudential moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Schunkewitz cross-moved for partial summary judgment based on MasterShare's alleged violation of a NJ statute requiring that any withheld or diverted wages must be used to purchase securities in the employing company and that the securities must be listed on a stock exchange or be marketable over the counter. See N.J. Stat. Ann. § 34:11-4.4. The District Court granted summary judgment in favor of Prudential and denied Schunkewitz's cross-motion for partial summary judgment.

On appeal, Schunkewitz argues that the District Court erred in granting summary judgment in favor of Prudential because, he contends, MasterShare's forfeiture clause is unlawful. He also argues that the District Court erred in applying NY law (rather than NJ law) to evaluate the legality of the forfeiture clause. Despite the fact that MasterShare contains an express NY choice of law provision, Schunkewitz asserts that applying NY

3

law results in a violation of NJ public policy by requiring NJ citizens to forfeit a portion of their earned income.

Because we agree with the District Court's thorough and well-reasoned decision that NY law controls under MasterShare's express choice of law provision, and that MasterShare's forfeiture clause is valid under NY law, we affirm.

I.

As we write only for the parties, we will not recite the complete factual background of this case. Under MasterShare, employees could invest up to 25% of their income on a tax-deferred basis by periodically placing this portion of their earnings into an individual employee's deferral account. Prudential would invest this deferred income into the Prudential Stock Index Fund by buying Restricted Stock on the employee's behalf.

MasterShare contained an express NY choice of law provision, which stated that NY law would govern all disputes and claims arising out of or in connection with participation in MasterShare. The provision stated: "The Plan shall be governed by, and construed and enforced in accordance with the substantive and procedural laws of the State of New York, without giving effect to the conflicts of laws provisions thereof." App. II at 88.

MasterShare also contained a forfeiture provision. This provision required participating employees to forfeit their Restricted Stock, or any other compensation in the form of stock, if they were terminated for cause or voluntarily left Prudential before the

4

end of a three-year "Restricted Period." All MasterShare participants are made aware of the forfeiture provision before investing in the plan. MasterShare participants agree in writing to terms and conditions that are fully disclosed and explained in detail in the "MasterShare Plan Booklet." Resp. Br. at 5. Before investing through MasterShare, participants must sign a set of representations and warranties acknowledging that they have "received, read, and understand" the Booklet and all of MasterShare's terms of participation and that they had an opportunity to ask questions about the plan. App. II at 85. Schunkewitz voluntarily left Prudential before the end of the Restricted Period. He was, therefore, required to forfeit the Restricted Stock that Prudential had purchased with the income he had contributed to MasterShare. Under the terms of MasterShare, forfeited shares revert to Prudential.

## II.

Schunkewitz argues that NJ law should govern in all of the counts raised in his complaint, including his two breach of contract claims and the related conversion and unjust enrichment claims. Schunkewitz bases his argument largely on the assertion that MasterShare's forfeiture provision violates "the strong public policy of New Jersey that its citizens must receive the entire fruits of their labor." Pet. Br. at 11.

The District Court noted that "[p]rivate, contractual choice of law provisions will be upheld save for conflicts in public policy." App. I at 16, citing General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 331 n.21 (3d Cir. 2001) ("New Jersey gives effect to contracting parties' private choice of law clauses unless they conflict with New

5

Jersey public policy."). However, the Court rejected Shunkewitz's policy argument and, consequently, upheld MasterShare's express NY choice of law provision. We agree that the provision is valid.

In Pepe v. Rival Co., we affirmed a ruling in the District of New Jersey that "New Jersey conflict of laws principles clearly recognize the validity and enforceability of choice-of-law provisions in contracts . . . ." 254 F.3d 1078 (3d Cir. 2001), affirming 85 F. Supp. 2d 349, 382 (D.N.J. 1999). Applying NY law here does not conflict with NJ policy, as Schunkewitz contends, because both the NY and NJ statutory wage laws ensure that employees receive the full amount of their earned compensation. "On their faces New York and New Jersey Wage Statutes invoke the same protections by controlling the employer's ability to withhold wages." See App. II at 246-47, citing Transcript of Motion in Marsh v. Prudential Securities Inc., Civ. No. 01-4940 (D.N.J. May 2, 2002). Therefore, we affirm the District Court's decision to uphold MasterShare's NY choice of law provision.

Schunkewitz's argument that NJ law should apply to his common law contract, conversion, and unjust enrichment claims also fails. He argues that these claims arise out of Prudential's alleged breach of his employment contract and, therefore, that MasterShare's NY choice of law provision does not cover these claims. See Pet. Br. at 11. However, all of these claims arise from Schunkewitz having forfeited his Restricted Shares under MasterShare. As the District Court held, the claims "are all directly related to the forfeiture provision of the Plan . . . . Because Schunkewitz's common law claims

6

all involve the Plan's forfeiture provision, they are as such governed by the Plan's New York choice of law provision." App. I at 17. Accordingly, we affirm the decision of the District Court that, under MasterShare's choice of law provision, NY law controls in all of Schunkewitz's claims.

III.

Schunkewitz goes on to argue that MasterShare's forfeiture provision is unlawful.[1] However, courts have upheld forfeiture provisions as part of deferred compensation agreements, as long as they were not triggered by an employee's termination without cause. See, e.g., Cray v. Nationwide Mutual Insurance Co., 136 F. Supp. 2d 171, 179 (W.D.N.Y. 2001) (stating that the mere fact that an insurance agency agreement provided for forfeiture of agent's deferred compensation under certain circumstances did not render that provision invalid as a matter of NY law). As the District Court held, forfeiture provisions are valid as long as the employee entered into the agreement willingly. App. I at 17. Here, Schunkewitz agreed in writing to the forfeiture provision after full disclosure of MasterShare's terms and conditions. As the District Court found, "Schunkewitz explicitly signed an authorization at the end of the MasterShare contract in which he acknowledged and agreed to forfeit his deferred income upon voluntary or involuntary [termination of] employment" and he "clearly knew the Plan included a forfeiture

---

[1] Although Schunkewitz characterizes his claim with respect to MasterShare as a breach of contract claim, he is actually arguing that MasterShare's forfeiture provision is unenforceable due to illegality.

7

provision." App. I at 17, 18. Because Schunkewitz willingly entered into MasterShare after Prudential clearly conveyed the risk of forfeiture under the agreement, we affirm the District Court's decision that MasterShare's forfeiture provision is valid.

Schunkewitz also argues that Prudential unlawfully converted the income it withheld and invested under MasterShare into company property, causing Prudential to be unjustly enriched. However, because the District Court held MasterShare's forfeiture provision to be lawful, the Court properly dismissed these related conversion and unjust enrichment claims. App. I at 17.

IV.

Finally, Schunkewitz asserts that, if NY law applies, Prudential's failure to pay all earned income violates § 193 of the N.Y. Labor Law. The District Court dismissed this claim, holding that § 193 specifically authorizes employers to make deductions from employees' wages that "are expressly authorized in writing by the employee and are for the benefit of the employee." App. I at 14-15, citing N.Y. Labor Law § 193(1)(b). However, until recently, no NY court had ever directly answered the question of whether a plan structured like MasterShare was valid under N.Y. Labor Law § 193. This issue arose in Marsh v. Prudential Securities Inc., another class action brought in the District of New Jersey, and currently on appeal before this Court, challenging the validity of MasterShare. Civ. No. 01-4940 (D.N.J. May 2, 2002), appeal pending U.S. Ct. App. 3d Cir. No. 02-2528. In Marsh, we certified the question of MasterShare's validity under § 193 to the New York Court of Appeals. In November 2003, the New York Court of

8

Appeals held that an employer may divert part of an employee's wages into a mutual fund under § 193 where the employee has consented to the diversion because an investment scheme in mutual funds is similar to other deductions that are specifically authorized by the statute. See Marsh v. Prudential Securities Inc., 1 N.Y.3d 146, 153 (N.Y. 2003). Therefore, under the New York Court of Appeals' interpretation of § 193, Schunkewitz's argument that MasterShare violates N.Y. Labor Law fails.

Accordingly, for the reasons stated above, we affirm the judgment of the District Court.